# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| CURTIS McNEIL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:14-cv-02978-STA-cgc |
| SONOCO PRODUCTS COMPANY, | ) ) ) |
| Defendant. | ) ) |

# ORDER GRANTING DEFENDANT'S
# MOTION FOR SUMMARY JUDGMENT

Plaintiff Curtis McNeil filed this action against Sonoco Products Company pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). (ECF No. 1.) Plaintiff alleges that Defendant Sonoco failed to hire him because of his race. Defendant has filed a motion for summary judgment (ECF No. 17), Plaintiff has filed a response to the motion (ECF No. 22), and Defendant has filed a reply to the response. (ECF No. 23.) For the reasons set forth below, Defendant's motion is **GRANTED**.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] When deciding a motion for summary judgment, the court must review all the evidence and draw all reasonable inferences in favor of the non-movant.[2] In reviewing a motion for summary

---

[1] Fed. R. Civ. P. 56(c).

[2] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

judgment, the Court views the evidence in the light most favorable to the nonmoving party, and it "may not make credibility determinations or weigh the evidence."[3] When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial."[4] These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict.[5] When determining if summary judgment is appropriate, the Court should ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."[6] The Court must enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial."[7]

Absent direct evidence of intentional race discrimination, as in this case, a plaintiff must use the *McDonnell Douglas* framework for proving discrimination through circumstantial evidence.[8] Under this framework, if Plaintiff establishes a prima facie case of race

---

[3] *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014).

[4] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Eastham v. Chesapeake Appalachia, L.L.C.*, 754 F.3d 356, 360 (6th Cir. 2014).

[5] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

[6] *Id.* at 251–52.

[7] *Celotex*, 477 U.S. at 322.

[8] *McDonnel-Douglas Corp. v. Greene*, 411 U.S. 792 (1973); *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248 (1981); *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1994). *See Lindsay v. Yates*, 498 F.3d 434, 440 n. 7 (6th Cir. 2007) ("The *McDonnell Douglas/Burdine* framework applies only when discrimination plaintiffs rely on circumstantial evidence to prove their claims.").

discrimination, Sonoco must then articulate a legitimate, nondiscriminatory reason for its employment decision.[9] If Sonoco articulates a legitimate, nondiscriminatory reason for its decision not to hire Plaintiff, any presumption of discrimination drops from the case, and Plaintiff must prove by a preponderance of the evidence that Sonoco's stated reason was a pretext for intentional race discrimination.[10] Although the burdens of production shift, the ultimate burden of persuading the trier of fact that Sonoco intentionally discriminated against Plaintiff remains at all times with Plaintiff.[11]

To establish a prima facie case of disparate treatment, Plaintiff must show that (1) he is a member of a protected class; (2) he applied and was qualified for a job for which Sonoco was seeking applicants; (3) despite his qualifications, he was rejected; and (4) after his rejection, the position remained open and Sonoco continued to seek applicants from persons of Plaintiff's qualifications.[12] Sonoco contends that Plaintiff cannot establish a prima facie case because he cannot show that he applied for a position with Sonoco.

Plaintiff is a former employee of Sonoco who was terminated in 2008 due to attendance problems. Plaintiff alleges that in September 2013 he applied for another position at Sonoco through Tennessee Career Centers.[13] Sonoco partners with Career Centers to accept applications for employment at Sonoco's Memphis facilities. Sonoco contends that neither it nor Career

---

[9] *Hicks*, 509 U.S. at 506-07.

[10] *Id.* at 507.

[11] *Burdine*, 450 U.S. at 256.

[12] *Tartt v. Wilson Cty., Tennessee*, 592 F. App'x 441, 445 (6th Cir. 2014) (citing *McDonnell Douglas*, 411 U.S. at 802.)

[13] The parties have varyingly referred to this office as Tennessee Career Centers, Tennessee Department of Employment Security, and Tennessee Job Services. For the sake of consistency, the Court has used the name "Tennessee Career Centers."

Centers has a record of receiving an application from Plaintiff. In support of its contention, Sonoco points to the following facts which it contends are undisputed.

>Sonoco never received an application for Plaintiff either through the Tennessee Career Centers or otherwise.[14]
>
>Sonoco was unaware that Plaintiff had applied for a position with Sonoco until it received Plaintiff's Charge of Discrimination from the Equal Employment Opportunity Commission.[15]
>
>Upon receiving Plaintiff's charge, Sonoco contacted the Tennessee Career Centers who advised Sonoco that it had no record of Plaintiff's application.[16]
>
>As part of this litigation, Tennessee Career Centers conducted an additional search of all of their systems and determined that it does not have any record of Plaintiff's applying for a position at Sonoco.[17]
>
>After Plaintiff allegedly applied, he never received a response from Sonoco.[18]
>
>Plaintiff did not receive anything from Sonoco or the Tennessee Career Centers acknowledging his application or confirming that he applied.[19]
>
>Plaintiff never contacted any supervisors or management at Sonoco regarding his application.[20]
>
>Plaintiff never visited the facility to check on his application.[21]

---

[14] (Def's SOF ¶ 12, ECF No. 17-2 (citing Gaines Decl., ¶ 7, ECF No. 17-3.)) Jeannine Gaines is Sonoco's Human Resources Coordinator.

[15] (*Id.* at ¶ 13 (citing Gaines Decl., ¶ 8.))

[16] (*Id.* at ¶ 14 (citing Gaines Decl., ¶ 9.))

[17] (*Id.* at ¶ 15 (citing Holton Decl., ¶¶ 5-9., ECF No. 17-5.) Dan Holton is the Assistant Administrator, Division of Workforce Services, with the Tennessee Department of Labor and Workforce Development.

[18] (*Id.* at ¶ 16 (citing (Pl's Dep. pp. 25-26, ECF No. 17-4.))

[19] (*Id.* at ¶ 17 (citing *id.* at p. 25.))

[20] (*Id.* at ¶ 18 (citing *id.* at p. 31.))

[21] (*Id.* at ¶ 19 (citing *id.*))

In response, Plaintiff has presented his own affidavit, affidavits from five Sonoco employees, and an affidavit from an employee at Tennessee Career Centers which purport to show that he did, in fact, submit an application to Sonoco.[22] Sonoco argues that these affidavits are inadmissible as hearsay, not based on personal knowledge, speculative, and, as for the affidavit of the Career Centers employee, does not prove the matter asserted. The Court finds Sonoco's arguments to be persuasive.

The affidavits from the Sonoco employees, Keith Lomax, James Young, Bill Reed, Marcus Helton, Russell Patton, all contain basically the same information. All affiants state that they have been employed by Sonoco since Plaintiff was terminated in 2008 and were employed by Sonoco in September 2013.[23] Lomax, Young, Reed, and Helton state that, at some point after September 23, 2013, "while at work [they] heard numerous employees, on numerous occasions, and in front of management, openly state that Curtis McNeil had reapplied for employment with the company."[24] Patton states that "while at work [he] heard Jerry Benton, a supervisor with the company, openly state that Curtis McNeil had reapplied for employment with the company."[25]

When a party bringing a summary judgment motion identifies portions of the record that demonstrate the absence of a genuine dispute over material facts, the party opposing the motion may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact" but must, instead, make an affirmative showing with proper evidence in order to defeat the

---

[22] (Affs., ECF Nos. 22-4 through 22-9.)

[23] (Affs., ECF Nos. 22-4 through 22-7, 22-9.)

[24] (Lomax, Young, Reed, Helton Affs., ECF Nos. 22-4 through 22-7.) Lomax's affidavit has the phrase "and in front of management" crossed out. (Lomax Aff. ¶ 2, ECF No. 22-4.)

[25] (Patton Aff., ECF No. 22-9.)

motion.²⁶ As a general rule, "evidence submitted in opposition to a motion for summary judgment must be admissible," even though the form itself, such as an affidavit, would not be admissible at trial.²⁷ As the Sixth Circuit has explained,

> The submissions by a party opposing a motion for summary judgment need not themselves be in a form that is admissible at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986) ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment."). Otherwise, affidavits themselves, albeit made on personal knowledge of the affiant, may not suffice, since they are out-of-court statements and might not be admissible at trial. *See* Fed. R. Evid. 801(c), 802. However, the party opposing summary judgment must show that she can make good on the promise of the pleadings by laying out enough evidence that will be admissible at trial to demonstrate that a genuine issue on a material fact exists, and that a trial is necessary. Such "'evidence submitted in opposition to a motion for summary judgment must be admissible.'" *Alpert v. United States*, 481 F.3d 404, 409 (6th Cir. 2007) (quoting *United States Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1189 (6th Cir. 1997)). That is why "'[h]earsay evidence ... must be disregarded.'" *Ibid.*; *see also North American Specialty Ins. Co. v. Myers*, 111 F.3d 1273, 1283 (6th Cir. 1997) ("[T]he testimony of Chaffee is inadmissible hearsay and therefore cannot defeat a motion for summary judgment.").²⁸

Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.²⁹ Here, Plaintiff is offering the testimony of the Sonoco employees as to statements made by someone other than the declarants to prove that Sonoco was aware that Plaintiff had applied for another position. Plaintiff has pointed to no exceptions to the hearsay rule which would allow the Court to

---

²⁶ *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

²⁷ *U.S. Structures, Inc. v. J.P. Structures Inc.*, 130 F.3d 1185, 1189 (6th Cir. 1997) (citations omitted). *See also Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) ("Rule 56(e) leaves no doubt about the obligation of a summary judgment opponent to make her case with a showing of facts that can be established by evidence that will be admissible at trial." (citation omitted)).

²⁸ *Alexander*, 576 F.3d at 558.

²⁹ Fed. R. Evid. 801(c).

consider these assertions, and the Court has not considered the statement in making its decision.[30]

Plaintiff's own affidavit, at most, establishes that he applied for a position with Sonoco at Tennessee Careers Center.[31] He has no knowledge that Sonoco actually received his application. Likewise, the affidavit of Kathy Cotton, an employee at Tennessee Career Centers who testified that she remembers "being asked by Curtis McNeil about securing and making an application for employment for posted opportunities at Sonoco," merely establishes that Plaintiff visited the Center and asked about making an application.[32] Cotton has no knowledge that Sonoco received Plaintiff's application. Because Plaintiff has not refuted the declaration of Jeannine Gaines, Sonoco's Human Resources Coordinator, that Sonoco never received Plaintiff's application and was not aware that he had purportedly applied until receiving the EEOC charge of discrimination,[33] Plaintiff cannot establish a prima case of discrimination.[34]

---

[30] Under Fed. R. Evid. 801(d)(2)(D), a statement is not hearsay if it is offered against a party and is "a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." In *Hill v. Spiegel, Inc.*, 708 F.2d 233 (6th Cir. 1983), a subordinate of the plaintiff testified that managers told him that the plaintiff was discharged because of his age. The Court of Appeals held that the statements were hearsay because there was no evidence that the declarants were involved in the discharge decision and, thus, no evidence that the statements were made concerning a matter within the scope of their agency or employment. *Id.* at 237. Likewise, in this case, there is no evidence that anyone making statements concerning Plaintiff's purported application, including Supervisor Benton, had any responsibility for receiving and processing applications or in the hiring process.

[31] (Pl. Aff., ECF No. 22-3.)

[32] (Cotton Aff., ECF No. 22-8.)

[33] (Gaines Decl., ¶ 7, ECF No. 17-3.)

[34] *See Williams v. Hevi-Duty Electric Co.*, 819 F.2d 620, 629 (6th Cir. 1987) "(Because it is clear from the record that [plaintiff] never submitted an application to Hevi-Duty during the time when applications were being accepted, it is equally clear that [plaintiff] did not establish a prima facie case of discrimination under [the *McDonnell Douglas* test]."); *see also Velez v. Janssen Ortho, LLC,* 467 F.3d 802, 807 (1st Cir. 2006) ("Put most simply, in the absence of a job

Even if Plaintiff could establish a prima facie case, Sonoco has set forth a legitimate, non-discriminatory reason for failing to hire Plaintiff by pointing to evidence that it has no record of receiving an application from Plaintiff. When an employer has no record of a plaintiff's application, the employer's proffered reason for not hiring the plaintiff is legitimate and non-discriminatory.[35]

At the third *McDonnell Douglas* step, a plaintiff must establish that the employer's stated reason for the adverse employment action is pretextual.[36] A plaintiff generally demonstrates pretext by showing: "(1) that the proffered reasons had no basis in fact, (2) that the proffered reasons did not actually motivate the employer's action, or (3) that they were insufficient to motivate the employer's action."[37] These categories serve as a "convenient way" to marshal evidence on the inquiry of whether the employer took adverse action against the employee for the stated reason.[38] The question at summary judgment then is "whether the plaintiff has produced evidence from which a jury could reasonably doubt the employer's explanation."[39]

---

application, there cannot be a failure-to hire."). *C.f. Syvongxay v. Henderson*, 147 F. Supp. 2d 854, 858 (N.D. Ohio 2001) (explaining that "[i]n very limited circumstances, a plaintiff can sustain a failure-to-hire claim under Title VII without ever applying for a position. But this occurs only when an employer's discriminatory conduct somehow prevented the plaintiff from applying or rendered the act of applying futile.").

[35] *See Morris v. Chattanooga Hous. Auth.*, 2008 WL 250544 at *8 (E.D. Tenn. Jan. 28, 2008) (citing *Anaeme v. Diagnostek, Inc.*, 164 F.3d 1275, 1279-80 (10th Cir. 1999) (finding as a legitimate nondiscriminatory reason for failing to hire the applicant the fact that the employer had no record of the plaintiff's application and may have lost the application)).

[36] *See Blizzard v. Marion Technical Coll.*, 698 F.3d 275, 285 (6th Cir. 2012).

[37] *Chen v. Dow Chem. Co.*, 580 F.3d 394, 400 (6th Cir. 2009).

[38] *Tingle v. Arbors at Hilliard*, 692 F.3d 523, 530 (6th Cir. 2012) (quoting *Chen*, 580 F.3d at 400 n. 4).

[39] *Chen*, 580 F.3d at 400 n. 4.

"'[T]o survive summary judgment a plaintiff need only produce enough evidence ... to rebut, but not to disprove, the defendant's proffered rationale.'"[40]

As evidence of pretext, Plaintiff contends that Henry Kelley, a Caucasian former Sonoco employee who was also terminated for attendance problems, applied at the same time as Plaintiff and received the position for which Plaintiff applied.[41] However, Sonoco has submitted unrefuted evidence that it did not receive an application for Kelley in September 2013.[42] Additionally, the Tennessee Career Centers does not have any record of Kelley's application.[43] It was not until September 2, 2014 – a year after Plaintiff alleges that he and Kelley completed applications at the Tennessee Career Centers – when Kelley applied for a position and was rehired by Sonoco.[44] Accordingly, Plaintiff's contention that Kelley and Plaintiff applied at the same time and Kelly received the position in question is not accurate and does not support his claim.

Additionally Plaintiff testified that he believes that Kelley is the cousin of a current managerial employee, Mike Cowan, and this could be the reason that Kelley was hired.[45] Nepotism is not actionable under Title VII.[46]

---

[40] *Carter v. Toyota Tsusho Am., Inc.*, 529 F. App'x 601, 609 (6th Cir. 2013) (quoting *Griffin v. Finkbeiner*, 689 F.3d 584, 592 (6th Cir. 2012)).

[41] (Pl's Dep. pp. 22, 34, ECF No. 17-4.) Kelley was terminated on August 27, 2013 due to attendance violations. (Gaines Decl. ¶ 10, ECF No. 17-3.)

[42] (Gaines Decl. ¶ 12.)

[43] (Holton Decl. ¶¶ 9-13, ECF No. 17-5.)

[44] (Gaines Decl. ¶ 13, ECF No. 17-3.)

[45] (Pl's Dep. p. 25, ECF No. 17-4.)

Plaintiff also asserts that "the company intentionally has discriminated against black or African-American employees since at the Memphis plant no black has ever been re-hired after termination while one white employee seemed to have no problem."[47] Each of the affidavits of Plaintiff's former co-workers also assert that "[t]o the best of my knowledge, Sonoco has never re-hired an African-American employee who was previously terminated."[48] Plaintiff cannot rely on these affidavits as evidence that Sonoco did not re-hire African-American employees because the affidavits are not based on personal knowledge.

Affidavits must be based on personal knowledge, a *fortiori*, "statements in affidavits that are based, in part, upon information and belief, cannot raise genuine issues of fact, and thus also cannot defeat a motion for summary judgment."[49] Not only are the affidavits in this case not based on personal knowledge, they also lack any specific facts to support the matters asserted as opposed to "conclusory allegations" and "subjective beliefs."[50] "Affidavits 'must concern facts

---

[46] *See Betkerur v. Aultman Hosp. Ass'n*, 78 F.3d 1079, 1096 (6th Cir. 1996) (finding allegations of nepotism, even if proven, would not constitute evidence of impermissible discrimination under Title VII).

[47] (Pl. Aff. ¶ 3, ECF No. 22-3.)

[48] (Lomax, Young, Reed, Helton, Patton Affs., ECF Nos. 22-4 through 22-7, 22-9.)

[49] *Johnson v. Beardslee*, 2007 WL 1892209 at *1 (W.D. Mich. June 29, 2007) (quoting *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005); *Brown Bark, III, L.P. v. One Mgmt. Inc.*, 2009 WL 2750955 at *5 (E.D. Mich. Aug. 26, 2009) ("The court agrees that Defendants cannot merely rest on statements made upon information and belief . . . under Federal Rule of Civil Procedure 56(e)."). *See also United States v. Newcome*, 2005 WL 2230205, at *3 (S.D. Ohio Sept. 12, 2005) (striking affidavit on the ground that affidavit made "to the best of my knowledge" did not establish that the affiant had personal knowledge of the matter asserted).

[50] *See Mitchell v. Toledo Hospital*, 964 F.2d 577, 584-85 (6th Cir. 1992) (observing that statements contained in plaintiff's Rule 56(e) affidavit were "nothing more than rumors, conclusory allegations and subjective beliefs which are wholly insufficient to establish a claim of discrimination").

as opposed to legal conclusions, assumptions, or surmise.'"[51] Here, the affiants' beliefs concerning Sonoco's employment practices do not provide any factual support for the allegation that Sonoco did not re-hire African-American former employees. Accordingly, the affidavits do not meet the standards required by Fed. R. Civ. P. 56, and the Court may not consider their testimony to create an issue of fact as to whether Sonoco's stated reason for not re-hiring Plaintiff was pretextual.[52]

The Court finds that Defendant Sonoco is entitled to judgment as a matter of law because Plaintiff has not established a prima facie case of race discrimination under *McDonnell Douglas*. Alternatively, even if Plaintiff did establish a prima facie case, Sonoco has presented unrefuted evidence of a legitimate non-discriminatory reason for not re-hiring Plaintiff, and Plaintiff has not presented any admissible evidence that the stated reason was pretextual. Consequently, Defendant Sonoco's motion for summary judgment is **GRANTED**.

IT IS SO ORDERED.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

DATE: July 20, 2016.

---

[51] *Peebles v. A. Schulman, Inc.*, 2006 WL 572337 *7 (M.D. Tenn. Mar. 7, 2006).

[52] *See Lewis v. Philip Morris Inc.*, 355 F.3d 515, 533 (6th Cir. 2004) (finding that "conclusory statements" unsupported by specific facts will not permit a party to survive summary judgment). *See also Young v. State Farm Mut. Auto. Ins. Co.*, 868 F. Supp. 937, 945-46 (W.D. Tenn. 1994) (rejecting affidavit claiming it was "well-known" that management preferred younger women, as there was no evidence that allegation was based on personal knowledge).